In the Matter of the Application of DAVID GOLDBERG, JOHN W. ALEXANDER, CHARLES CARLUCCI and STEVE BOLGA, and Other Stockholders of the GREEN BUS LINES, INC., Appellants, for a Mandamus Order for the Inspection of Books of the GREEN BUS LINES, INC., Respondent.— Order denying petitioners' motion for a peremptory mandamus order to examine the books, records and accounts of the respondent corporation and taxing the cost of a preliminary examination of its accounts against the petitioners reversed on the law and the facts, with costs, and motion granted to the extent of permitting the petitioners to examine the books, records and accounts of the respondent corporation in respect of the seven items made the subject of contention on this appeal, or such of these items as petitioners wish to examine into, the examination to proceed on five days' notice and to be by an accountant of petitioners' own choosing; the compensation of this accountant is to be paid by the petitioners, subject to reimbursement by the corporation in the event that the examination, or so much of it as is had, be found to have been justified by the results thereof. If the results in whole or part disclose that such further examination was unjustified, then the cost thereof, to the extent that it was unjustified, shall be borne by the petitioners. The record does not warrant the conclusion that the petitioners agreed that the accountant appointed by the court should act on behalf of the petitioners to the extent of concluding them from having an examination by their own accountant as to particular items. The agreement to have such accountant act on behalf of the petitioners was once the subject of consent in connection with the petitioners having their own accountant check certain items. When they were deprived of this latter provision, the consent was not renewed and was limited solely to a consent that the court appoint an accountant and provide for his compensation by the corporation in the first instance, and in the event that the litigation of the petitioners was unsuccessful, that the expense be taxed against them. Whether or not the litigation eventually will be unsuccessful cannot now be determined. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur. Settle order on notice.

In the Matter of Establishing Contract Binding upon the Estate of MARY O'CONNOR, Also Known as MARY ANNE O'CONNOR, Also Known as MARY L. O'CONNOR, Deceased. JULIA L. FRIEHOFER, Respondent; ARTHUR L. GOULD, as Executor, etc., of MARY L. O'CONNOR. Deceased, and PROVINCE OF ST. JOSEPH OF THE CAPUCHIN ORDER, a Domestic Religious Corporation Owning and Controlling Capuchin Fathers Monastery and Seraphicate Seminary of Mary Immaculate of Garrison, New York, Appellants.— Proceeding in the Surrogate's Court of Queens county to secure specific performance of a contract between the petitioner and the deceased, Mary O'Connor, under which contract the deceased was obligated to bequeath her property to the petitioner. Decree for the petitioner impressing a trust on decedent's funds in the hands of the executor unanimously affirmed, with costs to respondent payable out of the estate. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.